925 F.2d 1479
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Ambrocio P. MIRADOR, Petitioner,
v.
OFFICE OF PERSONNEL MANAGEMENT, Respondent.
 No. 90-3485.
 United States Court of Appeals, Federal Circuit.
 Jan. 18, 1991.
 
 Before RICH, Circuit Judge, FRIEDMAN, Senior Circuit Judge, and RADER, Circuit Judge.
 DECISION
 PER CURIAM.
 
 
 1
 Ambrocio P. Mirador appeals from the February 23, 1990 Initial Decision of the Administrative Judge (AJ) in Docket No. SE08319010064, which became the final decision of the Merit Systems Protection Board (MSPB) when the MSPB declined review on July 10, 1990. We affirm.
 
 OPINION
 
 2
 Our review of MSPB decisions is limited to determining whether those decisions are:
 
 
 3
 (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law;
 
 
 4
 (2) obtained without procedures required by law, rule, or regulation having been followed; or
 
 
 5
 (3) unsupported by substantial evidence.
 
 
 6
 5 USC Sec. 7703(c). In the present case, Mirador's sole argument appears to be that the AJ erred in finding that Mirador's father had only slightly over 4 years of creditable government service. While Mirador contends that his father had considerably more, the only evidence in the record to support his position is the two affidavits (Canoy and Flores) that corroborate the alleged federal service from 1913 to 1920. As evidence to the contrary is the fact that after a diligent search of a number of sources of government employment records, no records of any government service by Eugenio Mirador were found for any of the claimed periods of 1911-1913, 1913-1920, or 1925-1941. We are of the opinion that in the present case, the lack of such records, after a diligent search, constitutes substantial evidence supporting the AJ's finding that Mirador's father lacked 5 years of creditable service. Lacking 5 years of creditable service, Eugenio Mirador would not have been entitled to a retirement annuity, and therefore his son is not entitled to a survivor benefit annuity.
 
 
 7
 Although Mirador does not specifically raise it in his brief, we also find no error in the AJ's finding that Mirador was not entitled to a lump sum distribution under 5 USC 8342(b), since there was no evidence that Mirador's father ever served in a position from which retirement deductions were made.